IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYMETRA LIFE INSURANCE CO. and SYMETRA ASSIGNED BENEFITS SERVICE CO.<br>　　　Plaintiffs,<br><br>　　　v.<br><br>RAPID SETTLEMENTS, LTD.<br>　　　Defendant. | MISCELLANEOUS ACTION<br><br>NO.  07-133 |

**ORDER AND MEMORANDM**

**ORDER**

**AND NOW**, this 29th day of February, 2008, upon consideration of Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas and/or for Protective Order (Doc. No. 1, filed August 31, 2007), Defendant Rapid Settlements, Ltd.'s Response in Opposition to J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas and/or for Protective Order (Doc. No. 4, filed October 4, 2007), J.G. Wentworth and 321 Henderson's Joint Reply to Rapid Settlements, Ltd.'s Response to the Motion to Modify Subpoenas and/or for Protective Order (Doc. No. 5, filed October 18, 2007), and Rapid Settlements, Ltd.'s Surreply in Opposition to J.G. Wentworth and 321 Henderson's Motion to Modify Subpoenas and/or for Protective Order (Doc. No. 8, filed November 6, 2007), **IT IS ORDERED** that Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas and/or for Protective Order is **GRANTED IN PART** and **DENIED IN PART**, as follows:

　　　1.　　Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas is **GRANTED** as to defendant Rapid Settlements, Ltd.'s Requests for Production 5,

7, and 8, in two respects.  First, Movants shall provide defendant with the complete caption of each lawsuit falling within the scope of these requests for production.  Movants need not produce the pleadings from each such lawsuit.  Second, this production is limited to those lawsuits filed after January 1, 2002, or the effective date of a SSPA in the relevant jurisdiction, whichever is later.  As to Requests for Production 5, 7, and 8, Movants J.G. Wentworth and 321 Henderson's Joint Motion for a Protective Order is **DENIED AS MOOT**.

      2.      Movants J.G. Wentworth and 321 Henderson's Joint Motion for a Protective Order is **GRANTED** as to defendant Rapid Settlements, Ltd.'s Requests for Production 10, 12, and 16, and Movants need not respond to these requests for production.  As to Requests for Production 10, 12, and 16, Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas is **DENIED AS MOOT**.

      3.      Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas is **GRANTED** as to defendant Rapid Settlements, Ltd.'s Request for Production 18, with respect to the date range of this request.  Movants shall provide copies of right of first refusal provisions contained in transfer agreements entered into after January 1, 2002, or the effective date of a SSPA in the relevant jurisdiction, whichever is later.  As to Request for Production 18, Movants J.G. Wentworth and 321 Henderson's Joint Motion for a Protective Order is **DENIED AS MOOT**.

      4.      Defendant Rapid Settlements, Ltd.'s Requests for Production 4 and 11 having been withdrawn, Movants J.G. Wentworth and 321 Henderson's Joint Motion to Modify Subpoenas and/or for Protective Order is **DENIED AS MOOT** with respect to Requests for Production 4 and 11.

**MEMORANDUM**

I.   **BACKGROUND**

This motion arises out of a case currently pending in the Southern District of Texas (the "Main Litigation"). The case involves the secondary market in structured settlements. See Symetra Life Ins. Co., et al. v. Rapid Settlements, Ltd., 2007 WL 2088370 (S.D. Tex. July 19, 2007). In a structured settlement, a tort claimant agrees not to pursue his tort claim in exchange for a series of payments by the defendant. Companies in the primary market of structured settlements take over the defendant's obligation to make these payments and fund the payments by purchasing an annuity. Some tort claimants, however, prefer to receive compensation through an immediate lump-sum payment, rather than through a series of future payments. To meet this need, companies in the secondary market of structured settlements, known as "factoring companies," purchase some or all of a tort claimant's future payment rights in exchange for an immediate discounted lump-sum payment to the tort claimant.

Because of the potential for abuse inherent in secondary market transactions, forty-six states now regulate such transactions through Structured Settlement Protection Acts ("SSPAs"). See e.g. 40 Pa. Cons. Stat. §§ 4001-4009; Tex. Civ. Prac. & Rem. Code §§ 141.001-141.007. These statutes require a factoring company to disclose the effects of a proposed transfer to the tort claimant and require pre-transfer approval by a state court, which must find that the transfer is in the best interests of the claimant. In 2002, Congress enacted legislation which reinforces the SSPAs by imposing a forty percent federal excise tax on any party "who acquires directly or indirectly structured settlement payment rights in a structured settlement factoring transaction" that has not received the requisite state court approval. 26 U.S.C. § 5891.

The Main Litigation involves injunctive and declaratory relief claims by plaintiffs Symetra Life Insurance Co. and Symetra Assigned Benefits Co. (collectively "Symetra") and intervenor National Association of Settlement Purchasers ("NASP") against defendant Rapid Settlements, Ltd. ("Rapid").  Joint Mot. at 2-3.  Symetra participates in the primary market of structured settlements, Rapid participates in the secondary market, and the NASP is a trade association for factoring companies.  Id. at 3.  Both Symetra and the NASP allege that Rapid uses arbitration to circumvent the SSPAs.  Id.  The NASP also alleges that Rapid uses rights of first refusal and security interests in contracts with tort claimants without complying with the SSPAs.  Id.  Rapid has asserted an unclean hands defense against Symetra and the NASP.  Id.

Movants J.G. Wentworth and 321 Henderson (collectively "Movants") are members of the NASP, and Rapid seeks discovery from Movants in this capacity in relation to its unclean hands defense against the NASP.  Def.'s Resp. in Opp. at 8.  Rapid's third-party subpoenas to Movants each include twenty-seven requests for production.  Nine of those requests for production are at issue in the pending motion.  Joint Reply at 7.

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Federal Rule of Civil Procedure 26(c) permits a court, upon motion of a "person from whom discovery is sought," and "for good cause," to "issue an order to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense," including disallowing or

limiting the requested discovery.

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Factors to be considered in evaluating whether a subpoena poses an undue burden include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Lady Liberty Transp. Co. v. Philadelphia Parking Auth., 2007 WL 707372, at *9 (E.D. Pa. March 1, 2007) (citing Gabe Staino Motors, Inc. v. Volkswagen of Am., Inc., 2003 WL 25666135, at *2 (E.D. Pa. February 28, 2003)); accord Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004). The subpoena recipient's "status as a nonparty to the litigation should also be considered." Lady Liberty Transp. Co., 2007 WL 707372, at *9 (citing In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 495 (E.D. Pa. 2005)). "Courts have imposed broader restrictions on the scope of discovery when a non-party is targeted." Small v. Provident Life and Acc. Ins. Co., 1999 WL 1128945, at *1 (E.D. Pa. Dec. 9, 1999).

### III.   DISCUSSION

#### A.   Requests for Production 5, 7, and 8

Request for Production 5 seeks the "pleadings from each lawsuit in which [Movants have] been a party due to a dispute involving a right of first refusal or security interest in a Transfer Agreement, since January 1, 2002." Joint Mot. at 4; see also Joint Mot., Ex. 2 at unnumbered page 5; Joint Mot., Ex. 3 at unnumbered page 5. This request for production encompasses Request for Production 7, which, as amended by Defendant Rapid Settlements, Ltd.'s Response in Opposition to J.G. Wentworth and 321 Henderson's Joint Motion to Modify

Subpoenas and/or for Protective Order, seeks the "pleadings from each lawsuit in which [Movants have] been a party due to a dispute involving a right of first refusal or security interest in a Transfer Agreement for any annuitant with Rapid," from 2002 to the present, and Request for Production 8, which, as amended, seeks the "pleadings from each lawsuit in which [Movants have] been a party due to a dispute involving a right of first refusal or security interest in a Transfer Agreement for any annuitant with any proposed or actual purchaser other than Rapid," from 2002 to the present.[1]  Joint Mot. at 5; <u>see also</u> Joint Mot., Ex. 2 at unnumbered page 5; Joint Mot., Ex. 3 at unnumbered page 5.  Thus, the Court will address these three requests for production together.

    Movants object to Requests for Production 5, 7, and 8 on several grounds.  Movants object to each request for production as overbroad, unduly burdensome, and not directed at the discovery of relevant information.  Joint Mot. at 5-6; <u>see also</u> Joint Reply at 4-5.  Movants argue that these requests for production amount to a "fishing expedition," Joint Mot. at 6, and "are not directed at particular events or factual scenarios that are at issue in the Main Litigation." Joint Reply at 5.  In their Joint Motion, Movants also objected to the date range of Rapid's requests as "call[ing] for documents that are not relevant to and not reasonably calculated to lead to the discovery of admissible evidence in this case." Joint Mot. at 5.  Movants further object to Request for Production 5 "because the word 'dispute' is undefined and too vague to be

---

[1] Requests for Production 7 and 8 originally sought documents from "the effective date of the structured settlement protection act in the state in which the transfer was or has been filed" to the present.  Joint Mot., Ex. 2 at unnumbered page 5; Joint Mot., Ex. 3 at unnumbered page 5.  In its Response in Opposition, defendant Rapid Settlements, Ltd. stated that it would restrict the time frame of its discovery requests to the period of 2002 to the present.  Def.'s Resp. in Opp. at 10.

reasonably interpreted." Joint Mot. at 5.  Finally, Movants object to Request for Production 7 on the ground that pleadings in lawsuits "in which [Movants] have been a party due to a dispute involving a right of first refusal or security interest with any annuitant with Rapid" would be "equally within the control of Rapid." Id.  In its Response, Rapid stated, *inter alia*, that it would limit the time frame of its requests to the period of 2002 to the present.  Def.'s Resp. in Opp. at 10.

To the extent that Requests for Production 5, 7, and 8 seek the actual pleadings from the types of lawsuits described above, these requests for production pose an undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Pleadings are a matter of public record and the Court will not require Movants to produce these documents.  However, the Court will require Movants to provide defendant with the complete caption of each lawsuit falling within the scope of these Requests for Production, subject to a time limitation.  Movants need only provide the complete captions for lawsuits filed after January 1, 2002, or the effective date of a SSPA in the relevant jurisdiction, whichever is later.

Movants must respond to Requests for Production 5, 7, and 8, subject to the Court's limitations, because the information sought is relevant to Rapid's unclean hands defense.  Fed. R. Civ. P. 26(b)(1).  In the Main Litigation, the NASP alleges that Rapid improperly circumvents SSPAs when it encumbers structured settlement payment rights with security interests or rights of first refusal without receiving court approval.  Joint Mot. at 3.  Rapid has asserted an unclean hands defense against Symetra and the NASP.  Id.  If Movants are involved in legal actions for similar use of security interests or rights of first refusal in transfer agreements, such information is relevant to Rapid's unclean hands defense.  Fed. R. Civ. P. 26(b)(1).  Notably, the Court

understands the word "dispute" to refer to this type of legal action - those in which it is alleged that Movants encumbered structured settlement payment rights with security interests or rights of first refusal in contravention of the SSPAs.

The Court thus directs Movants to provide defendant with complete captions of those lawsuits to which Movants are a party that fit this description. Because the Main Litigation is based upon alleged violations of the SSPAs, only disputes arising after the passage of a SSPA in a given jurisdiction are relevant. Thus, Movants need only provide the complete caption for each lawsuit falling within the scope of Requests for Production 5, 7, and 8 filed after January 1, 2002, or the effective date of a SSPA in the relevant jurisdiction, whichever is later.

**B.      Request for Production 10**

Request for Production 10, as amended, seeks "all documents related to payments made to or by [Movants] under wraps where the underlying transaction was not approved by a court," from 2002 to the present.[2] Joint Mot. at 6; see also Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6. A "wrap" "refer[s] to when a transfer . . . of structured settlement payment rights from an annuitant to a third-party factoring company . . . done prior to the enactment of the applicable SSPA(s), is subsumed into the Order of a transfer completed under an applicable SSPA(s)." Joint Mot., Ex. 2 at unnumbered page 4; Joint Mot., Ex. 3 at unnumbered page 4.

---

[2] Request for Production 10 was originally unlimited in time. Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6. In its Response in Opposition, defendant Rapid Settlements, Ltd. stated that it would restrict the time frame of its discovery request to the period of 2002 to the present. Def.'s Resp. in Opp. at 11.

Movants object to Request for Production 10 "as overbroad and unduly burdensome because it is neither limited to any claim or defense relevant to this lawsuit, nor limited to any relevant or reasonable time period." Joint Mot. at 6. Movants argue that Rapid has failed to show how wraps "bear on the claims that Rapid has used arbitration schemes, rights of first refusal, and security interests to circumvent state transfer statutes, or to Rapid's defenses to those claims." Id. at 7.

Request for Production 10 is not reasonably calculated to lead to the discovery of relevant information. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(c)(3)(A)(iv). Rapid has failed to demonstrate how wraps are similar to arbitration, rights of first refusal, and/or security interests - the business practices at issue in the Main Litigation - as mechanisms for avoiding the requirements of SSPAs. As defined by Rapid in its subpoenas, transfers accomplished through wraps receive court approval at the time an Order is issued under an applicable SSPA. Joint Mot., Ex. 2 at unnumbered page 4; Joint Mot., Ex. 3 at unnumbered page 4. In the absence of any indication that wraps are mechanisms for avoiding the requirements of the SSPAs, and thus relevant to the claims or defenses in the Main Litigation, the Court sustains Movants' objection to Request for Production 10. Fed. R. Civ. P. 45(c)(3)(A)(iv); Lady Liberty Transp. Co., 2007 WL 707372, at *9.

C. **Request for Production 12**

Request for Production 12, as amended, seeks "a copy of all documents related to stipulations or agreements, related to the transfer of structured settlements between [Movants]

and third parties," from 2002 to the present.[3]  Joint Mot. at 7; see also Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6.  Movants object to this request, *inter alia*, "as being overbroad, unduly burdensome, and requesting information that is not relevant to and not reasonably calculated to lead to the discovery of admissible evidence in this case."  Joint Mot. at 8.  Movants argue that because they "are in the business of purchasing structured settlement payment rights from individual annuitants . . . [t]his type of request is overbroad and unduly burdensome because it essentially requests every document in [Movants'] files."  Joint Reply at 4.

Request for Production 12 is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(1).  Movants are factoring companies, which means they are in the business of purchasing structured settlement payment rights from tort claimants.  Thus, as stated by Movants in their Joint Reply, Rapid's request for production of all documents "related to stipulations or agreements, related to the transfer of structured settlements" asks for essentially every document in Movants' files from 2002 to date.  Joint Reply at 4.  The request is not in any way tailored to the claims and defenses in the Main Litigation.  Id.  Because Request for Production 12 is extremely overbroad, places an undue burden on Movants, and is not reasonably calculated to lead to the discovery of admissible evidence, the Court sustains Movants' objection to this

---

[3] Request for Production 12 was originally unlimited in time.  Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6.  In its Response in Opposition, defendant Rapid Settlements, Ltd. stated that it would restrict the time frame of its discovery request to the period of 2002 to the present.  Def.'s Resp. in Opp. at 12.

request.  Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(1); Lady Liberty Transp. Co., 2007 WL 707372, at *9.

**D.     Request for Production 16**

Request for Production 16, as amended, seeks "all communications by [Movants] with third parties concerning Rapid," from 2002 to the present.[4]  Joint Mot. at 8; see also Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6.  Movants object to this request, *inter alia*, "as being overbroad and unduly burdensome because it is [not] limited to any claim or defense relevant to this lawsuit."  Joint Mot. at 8.  Movants argue that Rapid "simply cannot establish the relevance of all communications between [Movants] and third parties concerning Rapid to the claims or defenses in the underlying litigation."  Id. at 9; see also Joint Reply at 5.  Movants note, as an example of how Request for Production 16 is overly burdensome, that Rapid "has often purchased payments prior to or subsequent to" either J.G. Wentworth or 321 Henderson, and thus this request seeks communications to courts in which Movants simply "mention Rapid's previous purchase in their own applications for transfers."  Joint Reply at 6.  Such documents, Movants argue, are "completely irrelevant to the underlying suit."  Id.

Request for Production 16 is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(1).  Movants and Rapid are in the same business and sometimes conduct

---

[4] Request for Production 16 was originally unlimited in time.  Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6.  In its Response in Opposition, defendant Rapid Settlements, Ltd. stated that it would restrict the time frame of its discovery request to the period of 2002 to the present.  Def.'s Resp. in Opp. at 14.

11

business with the same tort claimants. Thus, Rapid's name may appear in routine documents generated by Movants in the course of business. Rapid has not shown how communications merely mentioning Rapid's name are relevant to the claims or defenses in the Main Litigation, nor has Rapid tailored its request to these claims and defenses. Joint Mot. at 8-9; Joint Reply at 5-6. Because Request for Production 16 is extremely overbroad, places an undue burden on Movants, and is not reasonably calculated to lead to the discovery of admissible evidence, the Court sustains Movants' objection to this request. Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(1); Lady Liberty Transp. Co., 2007 WL 707372, at *9.

**E.     Request for Production 18**

Request for Production 18, as amended, seeks "a copy of any right of first refusal provision contained within any transfer agreement of" Movants, from 2002 to the present.[5] Joint Mot. at 9; see also Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6. Movants object to this request "as being overbroad and unduly burdensome in that it requests information that is not limited to any reasonable time period, nor is it relevant to or reasonably calculated to lead to the discovery of admissible evidence in this case." Joint Mot. at 9. Movants argue that because the "underlying suit only involves violations of the SSPAs," "[a]ny contractual provisions prior to the SSPAs are not relevant to this suit." Id. Movants also argue that the request is "not directed at particular events or factual scenarios that are at issue in the Main Litigation." Joint Reply at 5.

---

[5] Request for Production 18 was originally unlimited in time. Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6. In its Response in Opposition, defendant Rapid Settlements, Ltd. stated that it would restrict the time frame of its discovery request to the period of 2002 to the present. Def.'s Resp. in Opp. at 13.

Request for Production 18 is reasonably calculated to lead to the discovery of admissible evidence and Movants must produce the requested documents, subject to a time limitation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(c)(3)(A)(iv).  Movants need only produce copies of any right of first refusal provision contained within transfer agreements entered into after January 1, 2002 or the effective date of a SSPA in the relevant jurisdiction, whichever is later.

Movants must produce the documents requested in Request for Production 18, subject to the time limitation imposed by the Court, because such documents are relevant to Rapid's unclean hands defense.  Fed. R. Civ. P. 26(b)(1).  In the Main Litigation, the NASP alleges that Rapid improperly circumvents SSPAs when it encumbers structured settlement payment rights with security interests or rights of first refusal without receiving court approval.  Joint Mot. at 3.  Rapid has asserted an unclean hands defense against Symetra and the NASP.  Id.  If Movants are using rights of first refusal or security interests in the same way as they allege Rapid is using them, such information is relevant to Rapid's unclean hands defense.  However, because the Main Litigation is based upon alleged violations of the SSPAs, only transfer agreements entered into after the passage of a SSPA in a given jurisdiction are relevant.  Thus, Movants need only provide copies of right of first refusal provisions contained within transfer agreements entered into after January 1, 2002, or the effective date of a SSPA in the relevant jurisdiction, whichever is later.

**F.     Requests for Production 4 and 11**

In its original subpoenas to Movants, Rapid requested, in Request for Production 4:

All communications by [Movants] regarding the filing of oppositions and/or responses to annuitants engaged in a transfer with any proposed or actual purchaser of an annuitants' [sic] structured settlement payment rights since the effective date

13

>of the structured settlement protection act in the state in which the transfer was or has been filed.

Joint Mot. at 4; see also Joint Mot., Ex. 2 at unnumbered page 5; Joint Mot., Ex. 3 at unnumbered page 5.  Rapid also requested, in Request for Production 11, "[a]ll documents demonstrating [Movants'] (including [Movants'] subsidiary companies or joint ventures) intention to purchase structured settlement payment rights from annuitants after [Movants] objected to the annuitants' [sic] transfer to another purchasing company, including Rapid."  Joint Mot. at 7; Joint Mot., Ex. 2 at unnumbered page 6; Joint Mot., Ex. 3 at unnumbered page 6.  Movants objected to these requests for production in their Joint Motion.  Joint Mot. at 4-8.  In its Response in Opposition, Rapid stated that it would not pursue these two requests for production at this time.  Def.'s Resp. in Opp. at 10, 12.

Rapid withdrew Requests for Production 4 and 11 in its Response in Opposition.  Def.'s Resp. in Opp. at 10, 12.  Nevertheless, Movants request that the Court rule on the propriety of Requests for Production 4 and 11 "in order to avoid any issues later in the Main Litigation."  Joint Reply at 7 n. 8.

The Court declines to rule on the withdrawn requests and denies as moot Movants' Joint Motion to Modify Subpoenas and/or for Protective Order as to Requests for Production 4 and 11.  This Order is without prejudice to Movants' right to seek protection from these requests for production should Rapid choose to pursue this discovery in the future.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DuBOIS, J.**